**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Margo Hanks, | No. CV-12-00880-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company, | |
| Defendant. | |

On February 20, 2008, Plaintiff Margo Hanks filed a motion for partial summary judgment.  Doc. 29.  She argues that Arizona's "reasonable expectations" doctrine precludes Defendant American Family Mutual Insurance Company from arguing that a particular contractual provision, Endorsement 584C, excludes the replacement costs of undamaged but non-matching roof tiles from Plaintiff's insurance policy.  Defendant filed a response (Doc. 38) and Plaintiff filed a reply (Doc. 49).  The Court will deny Plaintiff's motion.[1]

I.      **Factual Background.**

Plaintiff owns property insured by Defendant and located at 16219 North 35th Avenue in Phoenix, Arizona.  Doc. 30 ¶ 1.  On October 5, 2010, the property was damaged in a severe wind and hail storm.  *Id.* ¶ 5.  In response to the damage, Plaintiff

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1    initiated an insurance claim.  *Id*.  On March 4, 2011, Defendant's adjuster provided an
2    estimate that included the cost of 90 replacement tiles.  *Id*. ¶ 15.  The replacement cash
3    value before adjustments for recoverable depreciation and the deductible was quoted at
4    $3,894.07.  *Id*. ¶ 16.  Plaintiff obtained a separate estimate from a third-party firm,
5    Skipton & Associates.  *Id*. ¶ 17.  Skipton determined that the tiles broken by the hail
6    storm were no longer manufactured and are no longer available.  *Id*. ¶ 18.  Because
7    matching replacement tiles were not available, the firm quoted the damage at $51,949.50,
8    or the price necessary to replace the entire roof.

9    **II.    Legal Standard.**

10       A party seeking summary judgment "bears the initial responsibility of informing
11   the district court of the basis for its motion, and identifying those portions of [the record]
12   which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*
13   *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is appropriate if the
14   evidence, viewed in the light most favorable to the nonmoving party, shows "that there is
15   no genuine dispute as to any material fact and the movant is entitled to judgment as a
16   matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate against a
17   party who "fails to make a showing sufficient to establish the existence of an element
18   essential to that party's case, and on which that party will bear the burden of proof at
19   trial."  *Celotex*, 477 U.S. at 322.  Only disputes over facts that might affect the outcome
20   of the suit will preclude the entry of summary judgment, and the disputed evidence must
21   be "such that a reasonable jury could return a verdict for the nonmoving party."
22   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

23   **III.   Analysis.**

24       Plaintiff believes her policy entitles her to the replacement cost of the entire roof.
25   Defendant argues that it has no obligation to pay to replace undamaged roof tiles simply
26   to ensure they match the replacement tiles.  Defendant asserts that this interpretation of
27   the policy was made explicit in Endorsement 584C, which it claims was added to
28   Plaintiff's policy in 2010.  Plaintiff argues that Arizona's reasonable expectations

doctrine should make Endorsement 584C unenforceable.

In *Gordinier v. Aetna Casualty & Surety Co.*, 742 P.2d 277, 283-84 (1987), the Arizona Supreme Court explained the reasonable expectations doctrine for insurance claims. *Gordinier* held that "Arizona courts will not enforce even unambiguous boilerplate terms in standardized insurance contracts in a limited variety of situations[.]" 742 P.2d at 283. Plaintiff argues that first and second situations listed in *Gordinier* apply to Endorsement 584C:

> 1. Where the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights, the court will interpret them in light of the objective, reasonable expectations of the average insured.

> 2. Where the insured did not receive full and adequate notice of the term in question, and the provision is either unusual or unexpected, or one that emasculates apparent coverage.

742 P.2d at 283 (internal citations and quotations omitted).

Endorsement 584C reads as follows:

> The following condition is added:

> **Matching of Undamaged Property.   We** will not pay to repair or replace undamaged property due to mismatch between undamaged material and new material used to repair or replace damaged material because of:

>> a.    textures, dimensional differences;

>> b.    color, fading, oxidation, weathering differences;

>> c.    wear and tear, marring, scratching, deterioration; or

>> d.    obsolescence or discontinuation

> **We** do not cover the loss in value to any property due to mismatch between undamaged material and new material used to repair or replace damaged material.

Doc. 39-1 at 8.

Plaintiff argues that this language falls within the first situation identified in *Gordinier* because it cannot be understood by a reasonably intelligent consumer. Plaintiff maintains that the title "endorsement" is misleading because the section is

1    actually an exclusion, and she asserts that the location of the endorsement on the last of

2    four pages of amendments makes it less likely that to be read or understood by the

3    average insured.

4         Plaintiff also argues that the second *Gordinier* situation applies because she was

5    never apprised of what she believes is a significant change to her policy that "emasculates

6    apparent coverage."  She argues that she consistently paid the premiums for replacement

7    cost value insurance, and that failure to replace the whole roof would rob that coverage of

8    much of its effect and upset her reasonable expectations.

9         Defendant responds that the language of the endorsement is clear and could be

10   understood by a reasonably intelligent consumer.  Defendant further contends that it

11   mailed a letter to Plaintiff advising her of the endorsement and its intended effect.

12   Finally, Defendant argues that the insurance policy did not include replacement costs for

13   materials not directly damaged even before the addition of Endorsement 584C.

14        The Court will deny summary judgment because these arguments implicate

15   several genuine issues of material fact.  Plaintiff claims that the endorsement is confusing

16   because it is found at the end of a 26-page policy under the heading "Additional

17   Protections/Endorsement."  The Court concludes, however, that a reasonable juror could

18   find that the endorsement "is not lengthy, complex, confusing, or buried in the policy,"

19   and that its language could be understood by a reasonably intelligent consumer.  Doc. 38

20   at 7-8 (citing *White v. American Family Mut. Ins. Co.*, 65 P.3d 449, 456 (App. 2003)).  In

21   addition, although Plaintiff claims she did not receive the endorsement, Defendant has

22   provided an affidavit stating that notice of the policy change was mailed to all of

23   Defendant's Arizona insureds.  Doc. 39 ¶¶ 20-25.  Defendant also plausibly asserts that

24   Endorsement 584C did not actually change the scope of Plaintiff's insurance policy.

25   These issues of fact preclude summary judgment.

26

27

28

1    **IT IS ORDERED** that Plaintiff's motion for partial summary judgment (Doc. 29)

2    is **denied.**

3    Dated this 23rd day of May, 2013.

David G. Campbell
United States District Judge